IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISON

| | |
|---|---|
| LEGACY MORTGAGE ASSET TRUST 2020-SL1 MORTGAGE-BACKED NOTES, SERIES 2010-SL1, U.S. BANK NATIONAL TRUST ASSOCIATION, AS TRUSTEE,<br><br>   Plaintiff,<br><br>v.<br><br>BRANDY HALK, SARA HENDERSON-BREWER, and SEAN HENDERSON,<br><br>   Defendants. | § § § § § § § § § § § § § § § §   Civil Action No. 6:23-cv-45 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Legacy Mortgage Asset Trust 2020-SL1 Mortgage-Backed Notes, Series 2010-SL1, U.S. Bank National Trust Association, as Trustee ("Plaintiff or "U.S. Bank") complains of Brandy Halk, Sara Henderson-Brewer, and Sean Henderson ("Defendants") files this *Original Complaint*, and states as follows:

### I.   PARTIES

1. Plaintiff is a "mortgagee" as is defined in Texas Property Code section 51.001(4) and is appearing through the undersigned counsel.

2. Randall Henderson and Deborah Henderson ("Decedents") were co-mortgagors under the loan agreement described below. Decedents both passed away. Upon information and belief, no probate is open for Decedents' estates in Brown County, Texas, the county where the subject Property is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedents' estates.

3. Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at law

of Decedents ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of Decedents' estate, including an undivided interest in the Property, immediately upon their deaths. Each Heir is made a party in this proceeding.

4. Defendant Brandy Halk is an heir of and daughter of the Decedents. Brandy Halk may be served with process at 200 Elm Creek Road, May, Texas 76857, or at any other place where she may be found. Summons is requested.

5. Defendant Sara Henderson-Brewer is an heir and daughter of the Decedents. Sara Henderson-Brewer may be served with process at 16 Montgomery Street, Westfield, MA 01085, or at any other place where she may be found. Summons is requested.

6. Defendant Sean Henderson is an heir of and son of the Decedents. Sean Henderson may be served with process at 1429 Barnes Drive, Apt. 7107, Seguin, Texas 78155, or at any other place where he may be found. Summons is requested.

## II.  PROPERTY

7. This proceeding concerns the real property and improvements commonly known as 2203 Southside Drive, Brownwood, Texas 76801 (the "Property") and more particularly described as follows:

> SITUATED IN THE COUNTY OF BROWN AND STATE OF TEXAS: THAT PARCEL OF LAND MAINLY OUT OF THE D.J. JONES SURVEY NUMBER 50, AND TO A SMALL EXTENT OUT OF THE H.H. HALL SURVEY NUMBER 49, IN BROWN COUNTY, TEXAS, LYING ON THE SOUTHWESTERN SIDE AND ADJOINING WHAT IS KNOWN AS FOURTH STREET JUST SOUTH OF THE PRESENT CITY LIMITS OF THE CITY OF BROWNWOOD, TEXAS. THE PROPERTY HEREIN DESCRIBED IS A PART OF A TRACT OF LAND COMMONLY REFERRED TO AS A 26 ACRE TRACT FORMERLY BELONGING TO C.L. MACCARTNEY AND IS THE SOUTHEASTERN PORTION OF SAID TRACT AND IS DESCRIBED BY METES AND BOUNDS AS FOLLOWS: BEGINNING AT A POINT IN THE SOUTHWEST SIDE OF FOURTH STREET, SAID POINT BEING IN THE NORTHEAST

BOUNDARY LINE OF SAID 26 ACRE TRACT AND SAID POINT BEING IN THE CENTER OF A STREET AGREED BY THE GRANTOR AND GRANTEES TO BE OPENED, WHICH STREET IS TO BE A CONTINUATION IN A STRAIGHT LINE OF WHAT IS KNOWN AS PARKWAY DRIVE, THE SOUTHEAST SIDE OF AVENUE `K` IN THE CITY OF BROWNWOOD; THENCE SOUTH 31 1/2 EAST WITH THE SOUTHWEST BOUNDARY LINE OF FOURTH STREET ABOUT 918 FEET TO THE NORTH CORNER OF A PARCEL OF LAND FRONTING 400 FEET ON FOURTH STREET HERETOFORE CONVEYED BY C.L. MCCARTNEY TO JOHN A. BEST, RECEIVER, WHICH DEED OF CONVEYANCE IS RECORDED IN THE DEED RECORDS OF BROWN COUNTY, TEXAS, IN VOLUME 272 AT PAGE 479, A STAKE DRIVEN I THE GROUND FOR CORNER; THENCE SOUTH 54 WEST WITH THE NORTHWEST LINE OF SAID TRACT CONVEYED TO BEST, RECEIVER, A DISTANCE OF ABOUT 665 FEET TO THE COMMON BOUNDARY LINE BETWEEN THE TRACT HEREBY CONVEYED AND WHAT IS KNOWN AS THE BROOKE SMITH TRACT; THENCE NORTH 31 1/2 WEST ALONG SAID COMMON BOUNDARY LINE A DISTANCE OF ABOUT 918 FEET TO A POINT, WHICH POINT WILL BE IN THE CENTER OF SAID PROJECTED STREET KNOWN AS PARKWAY DRIVE; THENCE NORTH 54 EAST ALONG THE CENTER OF SAID STREET TO THE PLACE OF BEGINNING, CONTAINING 14 ACRES MORE OR LESS.

### III.   JURISDICTION AND VENUE

7.   This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

8.   Plaintiff is a trustee of a mortgage-securitization trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008). Plaintiff is a national banking association which is chartered and has its main office in Minnesota. In *Wachovia Bank, N.A. v. Schmidt*, 546

U.S. 303 (2006), the Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A.* 546 U.S. at 307; see 28 U.S.C. § 1348 (2006). Therefore, Plaintiff is a citizen of Minnesota for diversity purposes.

9. Defendants Brandy Halk and Sean Henderson are individuals and citizens of the State of Texas.

10. Defendant Sara Henderson-Brewer is an individual and citizen of the State of Massachusetts.

11. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC,* 737 F.3d 338, 341 (5th Cir. 2013).

12. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

13. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to

foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Brown County Appraisal District values the Property at $89,880.00.

14. Venue is proper in the Northern District of Texas, San Angelo Division, under 28 U.S.C. § 1391(a)(2) because this suit concerns title to real property located in Brown County, Texas.

## IV.   FACTS

15. The foregoing paragraphs are incorporated by reference for all purposes.

16. On or about February 9, 2007, Decedent Randall Henderson executed a *Note* in the principal amount of $25,000.00 ("Note"), bearing interest at the rate of 7.550% per annum, originally payable to GMAC Mortgage, LLC d/b/a ditech.com, as lender on a loan secured by the Property. A true and correct copy of the Note is attached hereto as **Exhibit A**.

17. Concurrently with the execution of the Note, Decedents executed a *Closed End Deed of Trust,* ("Security Instrument" and together with the Note, "Loan Agreement"), as grantors, granting Mortgage Electronic Registration Systems, Inc., as nominee for GMAC Mortgage, LLC dba ditech.com, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the Official Public Records of Brown County, Texas in Book No. 1655, Page 195 as Instrument No. 20072727 on April 19, 2007. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

18. Subsequently, Mortgage Electronic Registration Systems, Inc., as nominee for GMAC Mortgage, LLC dba ditech.com transferred and assigned the Loan Agreement to U.S. Bank National Association, as indenture Trustee of the GMACM Home Equity Loan Trust 2007-HE1. The *Assignment of Deed of Trust* was recorded in the Official Public Records of Brown County,

Texas in Book No. OP 175, Page 331 as Instrument No. 2015-5867 on September 11, 2015. A true and correct copy of this Assignment is attached hereto as **Exhibit C.**

19.     Then U.S. Bank National Association, as indenture Trustee of the GCACM Home Equity Loan Trust 2007-HE1vt Specialized Loan Servicing, as attorney in fact transferred and assigned the Loan Agreement to Goldman Sachs Mortgage Company. The *Assignment of Deed of Trust* was recorded in the Official Public Records of Brown County, Texas as Instrument No. 20191900467 on January 22, 2019. A true and correct copy of this Assignment is attached hereto as **Exhibit D.**

20.     Subsequently, Goldman Sachs Mortgage Company transferred and assigned the Loan Agreement to U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee for the Legacy Mortgage Asset Trust 2018-SL1. The *Assignment of Deed of Trust* was recorded in the Official Public Records of Brown County, Texas as Instrument No. 20191901941 on April 4, 2019. A true and correct copy of this Assignment is attached hereto as **Exhibit E.**

21.     Then U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee for the Legacy Mortgage Asset Trust 2018-SL1 transferred and assigned the Loan Agreement to Goldman Sachs Mortgage Company. The *Assignment of Deed of Trust* was recorded in the Official Public Records of Brown County, Texas as Instrument No. 20212100949 on February 18, 2021. A true and correct copy of this Assignment is attached hereto as **Exhibit F.**

22.     Then Goldman Sachs Mortgage Company by Specialized Loan Servicing, LLC as attorney in fact transferred and assigned the Loan Agreement to Plaintiff. The *Assignment of Deed of Trust* was recorded in the Official Public Records of Brown County, Texas as Instrument No. 2021 2101765 on March 22, 2021. A true and correct copy of this Assignment is attached hereto as **Exhibit G.**

23. Plaintiff is the current legal owner and holder of the blank indorsed Note. Plaintiff is also the mortgagee of the Security Instrument as that term is defined in section 51.0001 (4) of the Texas Property Code.

24. Decedents passed away. Upon information and belief, no probate was ever opened for them. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, their heirs acquired all of their interest in the Property immediately upon their deaths, subject to the Loan Agreement debt owed to Plaintiff.

25. Under the terms of the Loan Agreement, the Decedents were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

26. The Loan Agreement further provides that should they fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

27. The Loan Agreement is currently due for the November 22, 2022 payment and all subsequent monthly payments. On March 7, 2023, a *Notice of Default and Notice of Intent to Accelerate* ("Notice of Default") was sent via certified mail to the Estate of Randall Henderson at the Property's address in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice of Default is attached hereto as **Exhibit H**.

28. The default was not cured, and the maturity of the debt was accelerated on April 27, 2023, when a *Notice of Acceleration of Loan Maturity* was sent, through counsel, via certified mail to mailed to the Decedents at the Property's address and an alternate address, 2015 Shire Meadows, New Braunfels, Texas 78130, in accordance with the Loan Agreement and the Texas

Property Code. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as **Exhibit I.**

29. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

## V. CAUSE OF ACTION- DECLARATORY JUDGMENT

30. The foregoing paragraphs are incorporated by reference for all purposes.

31. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4) and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

## VI. CAUSE OF ACTION - ENFORCEMENT OF STATUTORY PROBATE LIEN

32. The foregoing paragraphs are incorporated by reference for all purposes.

33. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan and the following statutory authority:

> a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:
>
> *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*
>
> b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to*

> *payment of debts, including estate and inheritance taxes;"* and

c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

34. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

## VII. CAUSE OF ACTION- NON-JUDICIAL FORECLOSURE

35. The foregoing paragraphs are incorporated by reference for all purposes.

36. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendants who acquired and/or have a potential interest in the Property subject to Decedents' debts.

37. A public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities, and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process and would be the

most expedient means to put the Property back into the stream of commerce and the housing stock of the community.

### VIII. CAUSE OF ACTION- JUDICIAL FORECLOSURE

38. The foregoing paragraphs are incorporated by reference for all purposes.

39. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

40. Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of the Brown County, Texas where the Property is located directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rules of Civil Procedure 309.

### IX. CAUSE OF ACTION - ATTORNEY'S FEES

41. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the Loan, and Texas Civil Practice and Remedies Code §38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Deed of Trust.

### X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendants be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Deed of Trust and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants are

      divested, and the purchaser at foreclosure sale is vested, of all of Decedents' right, title, and interest to the Property;

c. Attorney fees and costs of suit; *and*

d. All other relief, in law and in equity, to which Plaintiff is entitled.

      Respectfully submitted,

By:  */s/ Mark D. Cronenwett*
     **MARK D. CRONENWETT**
     Attorney in Charge
     Texas Bar No. 00787303
     mcronenwett@mwzmlaw.com

     **VIVIAN N. LOPEZ**
     Texas Bar No. 24129029
     vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 North Dallas Parkway, Ste. 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**